**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | | |
|---|---|---|
| Brian A. Wilkins, | ) | No. CV-09-1380-PHX-LOA |
| | ) | |
| Plaintiff, | ) | **ORDER** |
| | ) | |
| vs. | ) | |
| | ) | |
| Maricopa County; Joseph M. Arpaio, in his individual and official capacity as Maricopa County Sheriff; X-ray Technician of Maricopa County Jail, in her individual and official capacity, | ) ) ) ) ) ) | |
| Defendants. | ) ) | |

This case arises on *pro se* Plaintiff Brian A. Wilkins' Request for Defendants to Produce Electronically Stored Information and Other Tangible Items, filed on January 19, 2010. (docket # 45) The Court deems Plaintiff's Request a motion to compel discovery pursuant to Rule 37(a), FED.R.CIV.P. Relying on the Court's December 21, 2009 order authorizing early but limited discovery,[1] Plaintiff seeks an order compelling Defendants to

---

[1] The Court's December 21, 2009 order directed as follows:

> **IT IS FURTHER ORDERED** that Plaintiff may engage in discovery to determine the identify of the unknown Defendant Jail Guard and that on or before February15, 2010, Plaintiff shall provide the full name and address of the unknown Jail Guard identified in Count Four to the USMS for service. If Plaintiff fails to provide a full name and address for the unknown Jail Guard by February 20, 2010, his claims against unknown Jail Guard may be

produce a broad scope of information well beyond the limited discovery authorized by the Court to identify the unknown Jail Guard identified in Count Four of the Amended Complaint for purposes of service of process. The Court will summarily deny Plaintiff's motion on both substantive and procedural grounds.

## **FEDERAL RULE OF CIVIL PROCEDURE 26(d)**

Federal Rule of Civil Procedure 26(d)[2] provides that "a party may not seek discovery from any source before the parties have conferred as required by Rule 26(f)." Fed.R.Civ.P. 26(d). "The rule makes clear, however, that this limitation can be overridden by court order." *Best Western Intern., Inc. v. Doe*, 2006 WL 2091695, * 1 (D.Ariz. 2006) (citing Rule 26(d)). "An order permitting discovery before a Rule 26(f) conference may be issued for "good cause." *Id.* (citing *Yokohama Tire Corp. v. Dealers Tire Supply, Inc.*, 202 F.R.D. 612, 614 (D.Ariz. 2001).

The Court's December 21, 2009 order implicitly found that good cause existed to allow Plaintiff limited discovery before the Rule 26(f), FED.R.CIV.P., conference and Rule 16 scheduling conference are held to eliminate further delay in this case which has been pending for nearly seven months. (docket # 1) While the Rule 16 scheduling conference will be scheduled by court order in the near future, Plaintiff's Request to seek and compel discovery on information beyond the full name and address of the unknown Jail Guard

---

dismissed without prejudice.

(docket # 41 at 16)

[2] The full text of Rule 26(d) provides as follows:

> (d) Timing and Sequence of Discovery.
> (1) Timing. A party may not seek discovery from any source before the parties have conferred as required by Rule 26(f), except in a proceeding exempted from initial disclosure under Rule 26(a)(1)(B), or when authorized by these rules, by stipulation, or by court order.

Rule 26(d), FED.R.CIV.P.

- 2 -

identified in Count Four is premature. This is the second time Plaintiff has attempted to engage in premature discovery. (docket ## 8, 9) Additionally, Plaintiff's Request fails to set forth any reason, much less good cause, for the Court to order broad discovery before the Rule 26(f) conference. The Court will deny Plaintiff's motion to compel discovery without prejudice.

## **LOCAL RULES**

Plaintiff's Request fails to comply with LRCiv 7.2(j), Rules of Practice for the United States District Court of the District of Arizona ("Local Rules"), which states: "No discovery motion will be considered or decided unless a statement of moving counsel is attached thereto *certifying that after personal consultation* and sincere efforts to do so, counsel [or *pro se* litigant] have been unable to satisfactorily resolve the matter." LRCiv 7.2(j) (emphasis added). "Personal consultation" means face-to-face or telephonic communications between counsel, not an exchange of letters or emails. The Court has previously ordered Plaintiff to comply with the Local Rules. (docket # 3 at 3) *"Pro se litigants must follow the same rules of procedure that govern other litigants." King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1986); *In re Scharf*, 2006 WL 1127182, * 1 (D.Ariz. 2006). Plaintiff failed to attach or incorporate the appropriate certification is an independent basis to deny his discovery motion.

## **PRO SE LITIGANTS**

Since Plaintiff is *pro se*, the Court expressly advises him that the United States Supreme Court has made clear that federal "judges have no obligation to act as counsel or paralegal to *pro se* litigants" because requiring trial judges to explain the details of federal procedure or act as the *pro se's* counsel "would undermine [federal] judges' role as impartial decisionmakers." *Pliler v. Ford*, 542 U.S. 225, 226-227 (2004). A *pro se* litigant "does not have a constitutional right to receive personal instruction from the trial judge on courtroom procedure" and that "the Constitution [does not] require judges to take over chores for a *pro se* [litigant] that would normally be attended to by trained counsel as a matter of course." *Id*. (citing *Martinez v. Court of Appeal of Cal., Fourth Appellate Dist*., 528 U.S. 152, 162

(2000)). The Court also advises Plaintiff and counsel that although *pro se* pleadings may be held to less stringent standards than those prepared by attorneys, *Rand v. Rowland*, 154 F.3d 952, 957 (9th Cir.1998) (citing *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972)), *pro se* litigants must "abide by the rules of the court in which he litigates." *Carter v. Commissioner of Internal Revenue*, 784 F.2d 1006, 1008 (9th Cir. 1986); *Oliver v. Long*, 2007 WL 623783, * 1 (D.Ariz. 2007).

## DISCOVERY REQUESTS

Plaintiff's Request for Defendants to Produce Electronically Stored Information and Other Tangible Items, docket # 45, appears to be more than a motion to compel, but also an original Rule 34 request for production of documents and other things. Other than filing a Notice of Service of the particular discovery request, Rule 5(d)(1), FED.R.CIV.P., makes clear that

> [d]isclosures under Rule 26(a)(1) or (2) and the following discovery requests and responses *must not be filed* until they are used in the proceeding or the court orders filing: depositions, interrogatories, requests for documents or tangible things or to permit entry onto land, and requests for admission.

Rule 5(d)(1), Fed.R.Civ.P. (emphasis added). Also see, LRCiv 5.2 ("A 'Notice of Service' of the disclosures and discovery requests and responses listed in Rule 5(d) of the Federal Rules of Civil Procedure must be filed within a reasonable time after service of such papers.")

*Pro se* Plaintiff shall comply with all the Court's procedural rules, including, but not limited to, Rule 5(d)(1), Fed.R.Civ.P., LRCiv 7.2(j) and 37.1, in seeking an order compelling discovery or sanctions may be imposed against him. If Defendants fail to informally sign a waiver of service pursuant to Rule 4(d) for the unknown Jail Guard or fail to timely answer discovery requests reasonably designed but limited to the identity and address of unknown Jail Guard identified in Count Four of the Amended Complaint, Plaintiff may timely move for an extension of the service deadline provided, of course, Plaintiff demonstrates due diligence in this regard.

**IT IS ORDERED** that Plaintiff's Request for Defendants to Produce

Electronically Stored Information and Other Tangible Items, docket # 45, deemed a motion to compel is **DENIED** without prejudice.

DATED this 25th day of January, 2010.

Lawrence O. Anderson
United States Magistrate Judge