**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Brian A. Wilkins,<br><br>    Plaintiff,<br><br>vs.<br><br>Maricopa County, et al.,<br><br>    Defendants. | No. CV-09-1380-PHX-LOA<br><br>**ORDER** |

This matter is before the Court on *pro se* Plaintiff's February 26, 2010 Motion for Leave to Amend Second Complaint. (docket # 57) Plaintiff attached a proposed Second Amended Complaint to his motion, docket # 57, attachment, but then lodged separate Second Amended Complaints on February 26 and March 30, 2010. (docket ## 58, 81)

Before the Motion for Leave to Amend was fully briefed, the Court conducted a Rule 16(b) scheduling conference. (docket # 65) The following individuals were present: Plaintiff, representing himself; counsel Sherle R. Flaggman and April Demarviex, Office of General Litigation Services; and S. Lee White, Special Litigation Services, representing Defendants Arpaio or Maricopa County. (docket # 65) Among other topics, the Court and the parties discussed Plaintiff's pending Motion for Leave to Amend Second Complaint, docket # 57. (*Id.* at 1-2) The parties agreed that:

> if Plaintiff provides a proposed Second Amended Complaint to
> defense counsel within 7 days from [the date of the Rule 16
> conference] that removes references to issues removed from the
> litigation by prior court order or not relevant to Plaintiff's current

> claims, Defendants will agree and stipulate that Plaintiff may file
> the agreed-upon Second Amended Complaint. Absent such an agreement,
> Defendant(s) shall file an objection to Plaintiff's Motion for Leave to
> Amend Second Amended Complaint.

(docket # 65 at 2)

On March 22 and 23, 2010, Defendants Maricopa County and Arpaio responded in opposition to Plaintiff's Motion for Leave to Amend. (dockets # 72, 73) On March 30, 2010, Plaintiff filed a reply. (docket # 80) That same day, Plaintiff filed another pleading entitled Second Amended Complaint. (docket # 81) Plaintiff presumably filed the second proposed Second Amended Complaint in response to the parties' discussions during the Rule 16 conference. However, Plaintiff's second proposed Second Amended Complaint does not satisfy the requirements upon which Defendants and the Court made the filing of a second amended complaint contingent. (dockets # 65 at 2, # 81) Indeed, Defendant Maricopa County notified the Court that the parties have not stipulated to Plaintiff's Second Amended Complaint, docket # 81, in the form submitted to the Court. (docket # 82) Defendants maintain their objections to the Second Amended Complaint. Because it appears that Plaintiff intends the Second Amended Complaint, docket # 81, submitted on March 30, 2010, to be the relevant pleading, the Court will consider the Motion for Leave to Amend Second Complaint in relation to that pleading.

For the reasons set forth below, the Court will grant Plaintiff's request to substitute Darren Dauch for the previously unidentified defendant referred to as "Jail Guard" in the First Amended Complaint. Defendant Dauch must answer Plaintiff's Fourteenth Amendment claim asserted in Count Two of the Second Amended Complaint. The Court will also permit Plaintiff leave to amend to add a failure-to-train claim. For the reasons set forth below, the Court will deny Plaintiff's Motion for Leave to Amend Second Complaint in all other respects.

**I. Background**

On June 29, 2009, Plaintiff filed a *pro se* civil rights Complaint pursuant to 42 U.S.C. § 1983. (docket # 1) On July 6, 2009, the Court granted Plaintiff *in forma pauperis* status. (docket # 5) Defendants Joseph M. Arpaio and Maricopa County were served and both filed

motions to dismiss. (dockets ## 14, 19) Rather than responding to the motions to dismiss, Plaintiff filed a Motion for Leave to Amend Complaint, docket # 28, on October 20, 2009.

Plaintiff's four-count First Amended Complaint brought pursuant to 42 U.S.C. § 1983 and 42 U.S.C. § 1985(3), sues the following Defendants: Maricopa County, Maricopa County Sheriff Joseph M. Arpaio, Maricopa County Jail X-ray Technician ("X-ray Technician"), and Maricopa County Jail Guard ("Jail Guard") for violations of his Fourteenth and Eighth Amendment rights.

Plaintiff's allegations arise from a 58-day period in 2008 during which he was a pretrial detainee at the Lower Buckeye Jail in Phoenix, Arizona. (docket # 29 at 3) Plaintiff alleges that on July 22, 2008, he was arrested by the Tempe Police Department and taken to the Fourth Avenue Jail in Phoenix, Arizona. (*Id*.) Plaintiff alleges that "Maricopa County" collected information about his medical history; including that he takes medication for hypertension, and that he had been treated the previous two weeks for a broken hand. (*Id*.) On July 23, 2008, Plaintiff was transferred to Lower Buckeye Jail. On July 25, 2008, at around 10:30 a.m., Plaintiff was "forcibly given an X-ray against his will, on his broken hand." (*Id*.) The Defendant X-Ray technician did not provide Plaintiff a "lead apron or [other] garment to guard against radiation poisoning and/or overexposure." (*Id*. at 3-4)

Plaintiff further alleges that Maricopa County has a policy and custom of forcing pretrial detainees to participate in unsafe, involuntary medical experiments, and that "Maricopa County doctors" "continually tried to force Plaintiff to allow them to stick needles in him" to "figure out why [Plaintiff has] high blood pressure." (*Id*. at 4) Plaintiff claims he was threatened with solitary confinement if he refused to let "Maricopa County" doctors stick needles in him, and that the doctors eventually "gave up." (*Id*.) Plaintiff alleges that "jail officials" refused to provide him his medication for hypertension, despite his repeated requests. (*Id*. at 4-5) Plaintiff further claims that "Maricopa County medical" refused to give him a splint for his broken hand." (*Id*. at 4)

Plaintiff also claims that during his 58 days of confinement, he was given rotten meat and fruit, moldy bread, and polluted water pursuant to policies of Defendants Maricopa County

- 3 -

and Arpaio. (*Id.* at 5) Plaintiff further alleges that, pursuant to the policies of Defendants Maricopa County and Arpaio, he was forced to "stand in small holding cells with upwards of 60 sick, coughing, bleeding inmates who could not move because of the crowding." (*Id.*) Finally, Plaintiff alleges that Defendant Jail Guard forced Plaintiff to strip naked in front of other guards and "placed his hands on Plaintiff's genitals." (*Id.*)

On December 21, 2009, the Court dismissed Counts Two and Three of the First Amended Complaint. (docket # 41 at 16) The Court also dismissed Plaintiff's Eighth Amendment claims, and his allegations asserting the rights of detainees other than himself. (*Id.*)

The Court directed Defendants Arpaio and Maricopa County to respond to Plaintiff's allegations in Count One of the First Amended Complaint that inadequate medical care and inadequate conditions of confinement violated Plaintiff's Fourteenth Amendment rights. (*Id.*) The Court also stated that Plaintiff could engage in early discovery to determine the identity of the unknown Jail Guard identified in Count Four of the First Amended Complaint. (*Id.*)

Plaintiff now seeks leave to file a Second Amended Complaint which substitutes Darren Dauch for the previously unknown jail guard, attempts to re-urge previously dismissed claims, and adds a failure-to-train claim. Defendants oppose Plaintiff's amendment motion.

## II. Review of Proposed Second Amended Complaint

### A. Eighth Amendment Claims

In the December 21, 2009 Order, the Court dismissed Plaintiff's Eighth Amendment claims. (docket # 41) The Court explained that "[b]ecause Plaintiff's allegations stem from a period during which he was a pretrial detainee and he has not been convicted and sentenced, Plaintiff lacks standing to bring claims under the Eighth Amendment. (*Id.* at 4) The protections of the Eighth Amendment do not attach until after conviction and sentence. *City of Revere v. Massachusetts Gen. Hosp.*, 463 U.S. 239 (1983) ("Eighth Amendment scrutiny is appropriate only after the state has secured a formal adjudication of guilt.")." (*Id.*)

In the proposed Second Amended Complaint, docket # 81, Plaintiff attempts to assert the same Eighth Amendment claims that were previously dismissed. The Court will not authorize Plaintiff leave to amend to re-assert previously dismissed claims.

## B. Medical Claims

In the December 21, 2009 Order, the Court dismissed Plaintiff's medical allegations regarding forcible x-rays, exposure to radiation, and medical experimentation. (docket # 41) In the proposed Second Amended Complaint, Plaintiff attempts to resuscitate his allegations regarding x-rays, radiation, and medical experimentation. (docket # 81) The Court will not permit Plaintiff leave to amend to add claims that were previously dismissed.

## C. Rights of other Detainees

In the December 21, 2009 Order, the Court dismissed Plaintiff's allegations asserting the rights of other inmates. (docket # 41) In the proposed Second Amended Complaint, Plaintiff re-urges those previously dismissed claims. The Court will not authorize Plaintiff leave to amend to add claims that were previously dismissed.

## D. Failure to Train

In the proposed Second Amended Complaint, Plaintiff seeks to add a claim that Defendants Maricopa County and Arpaio failed to train their employees regarding the policy, "J-D-02 E, which states 'inmates are asked their medical/mental history, including currently prescribed medication.'" (docket # 81 at 9) Plaintiff alleges that had Defendants trained their employees to inquire regarding his medications, he would not have suffered the pain and injury to his hand and highly elevated blood pressure while incarcerated. Plaintiff argues that Defendants' failure to train violated his Fourteenth Amendment right to be free from pre-trial punishment. (*Id*. at 9-10)

Plaintiff may establish municipal liability by demonstrating that the alleged constitutional violation was caused by a failure to train municipal employees adequately. *City of Canton Ohio v. Harris*, 489 U.S. 378, 388-91 (1989); *Johnson v. Hawe*, 388 F.3d 676, 686 (9th Cir. 2004). Such a showing depends on three elements: (1) the training program must be inadequate "in relation to the tasks the particular officers must perform"; (2) the city officials must have been deliberately indifferent "to the rights of persons with whom the [local officials] come into contact"; and (3) the inadequacy of the training "must be shown to have 'actually

caused' the constitutional deprivation at issue." *Merritt v. County of Los Angeles*, 875 F.2d 765, 770 (9th Cir. 1989) (internal citations omitted).

The indifference of city officials may be shown where, "in light of the duties assigned to specific . . . employees[,] the need for more or different training is so obvious, and the inadequacy so likely to result in the violation of constitutional rights, that the policymakers of the city can reasonably be said to have been deliberately indifferent to that need." *City of Canton*, 489 U.S. at 390; *Berry v. Baca*, 379 F.3d 764, 767 (9th Cir. 2004). There is no heightened pleading standard with respect to the "policy or custom" requirement of demonstrating municipal liability. *Leatherman v. Tarrant County Narcotics Intelligence & Coordination Unit*, 507 U.S. 163, 167-68 (1993).

Plaintiff sufficiently states a plausible failure-to-train claim and will be permitted to amend his complaint to add that claim. *Ashcroft v. Iqbal*, __ U.S. __, 129 S. Ct. 1937, 1949 (2009) ("A claim has facial plausibility," the Court explained, "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.").

**E. Darren Dauch**

In his proposed Second Amended Complaint, Plaintiff identifies Darren Dauch as the previously unknown "jail guard" in Count Four of the First Amended Complaint.

In the proposed Second Amended Complaint, Plaintiff's allegations regarding the alleged sexual assault by Defendant Dauch are located in Count Two. (docket # 81 at 8-9) As the Court has previously determined, Plaintiff may pursue his Fourteenth Amendment allegations against Defendant Dauch.

**III. Summary**

In conclusion, Plaintiff is granted leave to amend to add Defendant Darren Dauch in Count Two of the Second Amended Complaint. Defendant Dauch must answer Plaintiff's claim that Defendant Dauch's alleged conduct violated Plaintiff's rights under the Fourteenth Amendment.

Plaintiff is granted leave to amend to add the failure-to-train claim asserted at Count Three of the Second Amended Complaint. (docket # 81 at 9-10) Plaintiff's motion for leave to amend is denied in all other respects. To avoid confusion, the Court will not order Plaintiff to file yet another second amended complaint. (LRCiv 15.1, which provides that, if leave to amend is granted, the amended pleading shall be filed and served on all parties within fourteen days, "unless the Court orders otherwise.") Rather, the Court will direct the Clerk of Court to file the Second Amended Complaint, lodged at docket # 81. However, Defendants are only directed to answer the claims set forth below. All other claims asserted in the Second Amended Complaint do not require an Answer as those claims were previously dismissed in the December 21, 2009 Order, docket # 41, and have not been reinstated. If Plaintiff's claims, or any of them, survive summary judgment, Plaintiff is hereby precluded from reading the Second Amended Complaint in its entirety to the jury because Plaintiff has included claims in it which have previously dismissed.

In view of the foregoing,

**IT IS ORDERED** that Plaintiff's Motion for Leave to Amend Second Complaint, docket # 57, is **GRANTED** solely to the extent that:

1) Darren Dauch is added as a defendant, and

2) the failure-to-train claim asserted in Count Three of the Second Amended Complaint, docket # 81, is added.

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Leave to Amend Second Complaint, docket # 57, is **DENIED** in all other respects. Plaintiff's previously dismissed claims (asserting violations of the Eighth Amendment; rights of detainees other than himself; and medical claims regarding x-rays, radiation, and medical experiments) are **NOT** reinstated.

**IT IS FURTHER ORDERED** that the Clerk of Court shall file Plaintiff's proposed Second Amended Complaint, lodged at docket # 81.

**IT IS FURTHER ORDERED** that Defendants Arpaio and Maricopa County shall answer Plaintiff's allegations in Count One of the Second Amended Complaint that inadequate medical care (denial of a splint for Plaintiff's broken hand and denial of blood pressure

medication) and inadequate conditions of confinement violate the Fourteenth Amendment within fourteen days of the date this Order is entered.[1]

**IT IS FURTHER ORDERED** that Defendant Darren Dauch must answer Plaintiff's Fourteenth Amendment claim asserted in Count Two the Second Amended Complaint, docket # 81 at 8. (docket # 41 at 13-15)

**IT IS FURTHER ORDERED** that Defendants Arpaio and Maricopa County shall answer Plaintiff's failure-to-train claim asserted in Count Three of the Second Amended Complaint, docket # 81 at 9-10, within fourteen days of the date this Order is entered.

**IT IS FURTHER ORDERED** that:

1. The Clerk of Court shall send Plaintiff a service packet for Defendant Darren Dauch.

2. Plaintiff shall complete and return the service packet to the Clerk of the Court within twenty (20) days of filing of this Order. The United States Marshal Service will not provide service of process if Plaintiff fails to comply with this Order;

3. If Plaintiff does not either obtain a voluntary waiver of service of the summons and Second Amended Complaint or complete service of the Summons and Second Amended Complaint on Defendant Dauch within **60 days** of the filing of this Order, Plaintiff's claims against Defendant Dauch may be dismissed. Fed.R.Civ.P. 4(m); LRCiv 16.2(b)(2)(B)(i).

**IT IS FURTHER ORDERED** that Defendant Darren Dauch shall file his written election to either consent to magistrate-judge jurisdiction or elect to proceed before a United States district judge within 14 days of his appearance herein. LRCiv 3.8(a).

Dated this 6th day of April, 2010.

*Lawrence O. Anderson*
Lawrence O. Anderson
United States Magistrate Judge

---

[1] These are the same allegations which the Court directed Defendants Arpaio and Maricopa County to answer in the December 21, 2009 Order. (docket # 41 at 6-9)