**WO**

1

2

3

4

5

6                    IN THE UNITED STATES DISTRICT COURT

7                        FOR THE DISTRICT OF ARIZONA

8

9    Brian A. Wilkins,                    )    No. CV-09-1380-PHX-LOA
                                          )
10                    Plaintiff,          )    **ORDER**
                                          )
11   vs.                                  )
                                          )
12                                        )
     Maricopa County; et al.,             )
13                                        )
                      Defendants.         )
14   _____)

15

16           This case arises on Defendant Maricopa County's Motion to Compel, seeking

17   a court order compelling Plaintiff Brian A. Wilkins to sign medical releases presented to him

     on numerous occasions and awarding Defendant Maricopa County its reasonable expenses

18   and attorney's fees as a discovery sanction pursuant to Rule 37(5)(A), FED.R.CIV.P.[1]

19

20   _____

21       [1]Likely a typographical error, Maricopa County's Motion incorrectly cites Federal
     Rule of Civil Procedure 37(a)(5)(A), docket # 95 at 3, which provides:
22
             **(5) Payment of Expenses; Protective Orders.**
23

24           **(A)** *If the Motion Is Granted (or Disclosure or Discovery Is Provided After
             Filing)*. If the motion is granted--or if the disclosure or requested discovery is
25           provided after the motion was filed--the court must, after giving an
             opportunity to be heard, require the party or deponent whose conduct
26           necessitated the motion, the party or attorney advising that conduct, or both
             to pay the movant's reasonable expenses incurred in making the motion,
27           including attorney's fees. But the court must not order this payment if:

28

(docket # 95) Alternatively, Maricopa County requests "appropriate orders directed to Banner Desert Hospital, and Dr. Walsh; Walgreens Pharmacy; Medco Health; and ASU Student Health Services directing these entities to disclose the records." (docket # 114 at 3) Maricopa County submitted proposed orders directed to these healthcare providers as exhibits to its Supplemental Memorandum of Law.

Opposing the Motion, *pro se* Plaintiff responded and moved for sanctions against Maricopa County for, among others, "filing frivolous motions alleging the Plaintiff failed to comply with a discovery request." (docket ## 100-101 at 1) After considering the briefing and supplemental memoranda of law, the Court will grant in part and deny in part Maricopa County's Motion to Compel, will enter orders to the subject healthcare providers to provide copies of Plaintiff's limited medical records set forth in each order, and will deny each side's request for sanctions.[2]

---

**(i)** the movant filed the motion before attempting in good faith to obtain the disclosure or discovery without court action;

**(ii)** the opposing party's nondisclosure, response, or objection was substantially justified; or

**(iii)** other circumstances make an award of expenses unjust.

Rule 37(a)(5)(A), FED.R.CIV.P. (emphasis in original).

[2] Because this issue was discussed with the parties at the Rule 16 scheduling conference and remains disputed, the Court finds Maricopa County has sufficiently demonstrated compliance with Rule 37(a)(1), FED.R.CIV.P., that it has "conferred or attempted to confer with Plaintiff regarding [this] discovery" dispute despite LRCiv 7.2(j)'s requirement of "personal consultation," i.e., face-to-face or telephone conversations, before seeking a judicial resolution over a discovery dispute. *Hart v. Agnos*, 2008 WL 2008966, *7 (D.Ariz. 2008) ("Personal consultation requires face-to-face communication, or at least telephone communication. Letters, faxes, and e-mails are insufficient."); *IMA North American, Inc. V. Marlyn Nutraceutical, Inc*., 2007 WL 2391009, * 1 n. 1 (D.Ariz. 2007); *Soto v. City of Concord*, 162 F.R.D. 603, 623 (N.D.Cal. 1995) ("Sending a letter to the opposing party demanding compliance with a discovery request is not what this Court regards as an earnest attempt to "meet and confer" on the issues.").

## BACKGROUND

On June 29, 2009, Plaintiff filed a *pro se* civil rights' Complaint pursuant to 42 U.S.C. § 1983. (docket # 1) Subject matter jurisdiction is predicated upon 28 U.S.C. §§ 1331 and 1343 (federal question and civil rights). (docket # 55 at 2) After allowing amendments to his complaints and dismissing certain claims, the Court authorized the filing of Plaintiff's Second Amended Complaint on April 7, 2010, alleging claims pursuant to 42 U.S.C. § 1983 against Maricopa County and others for violations of his rights under the Fourteenth Amendment. (docket # 91)  Plaintiff alleges no state law claims against the Defendants. (*Id*.; docket # 55 at 2)

Plaintiff's allegations arise from a 58-day period in 2008 during which he was incarcerated as a pretrial detainee at the Lower Buckeye Jail in Phoenix, Arizona. (*Id*. at 2) Count One of the Second Amended Complaint alleges inadequate medical care (denial of a splint for Plaintiff's broken hand and denial of blood pressure medication) and inadequate conditions of confinement (Plaintiff's placement in crowded holding cells, served rotten food and polluted water, and denial of medical treatment) violated his rights under the Fourteenth Amendment's Due Process Clause. (*Id*. at 3, ¶¶ 9-14; docket # 41 at 3, 5-6) In Count Two of the Second Amended Complaint, Plaintiff alleges he was sexually assaulted by a jail guard when Plaintiff "was ordered to strip naked" and the jail guard "commenced to grab the Plaintiff's genitals and fondle them for several seconds, claiming he was 'searching for contraband[.]'" (docket # 91 at 8)  Plaintiff also alleges in Count Three of the Second Amended  Complaint that had Defendants properly trained their employees, he would not have suffered  the pain and injury to his hand and highly elevated blood pressure while incarcerated.  Plaintiff argues that Defendants' failure-to-train violated his Fourteenth Amendment right to be free from pretrial punishment. (*Id*. at 9-10)  Plaintiff requests, among others, injunctive relief and "[n]ominal, compensatory, and punitive damages" for his injuries to "his mental and physical health" and his "trauma, emotional distress, and sheer embarrassment[.]" (*Id*. at 7, 9, 11)

Maricopa County complains that it mailed medical authorizations to Plaintiff

on three separate dates, January 5, January 21, and March 24, 2010, to obtain medical records from three of Plaintiff's healthcare providers: Banner Desert Medical Center, Arizona State University's Health Center, and Walgreens Pharmacy. (docket # 95 at 2) Each of its three medical authorizations, Exhs B at 4-6, confirms Maricopa County seeks "[a]ny and all [of Plaintiff's] medical/treating records" including his "Behavioral Health Care/Psychiatric Care/Mental Health Information," if any, without limitation of any kind. (*Id*., Exhs B at 4-6)

Maricopa County acknowledges Plaintiff signed and promptly returned the latest authorizations but they were unilaterally altered by Plaintiff. (*Id*.) Copies of the signed, altered authorizations attached to Maricopa County's Motion indicate Plaintiff limited the disclosure of his medical records from March 20, 2005, roughly three and one-half years prior to his July, 2008 incarceration, to March 20, 2010, more than 8 months after this lawsuit was filed on June 29, 2009. (*Id*., Exhs C at 9-11) Banner's, A.S.U.'s, and Walgreens' altered authorizations were each specifically limited in scope to Plaintiff's records regarding his blood pressure, pain, anti-inflammatory medication/prescription history, or broken hand. (*Id*.) Plaintiff also provided a signed but limited medical authorization for his records with Dr. Gregory Patchen, a Mesa physician, regarding Plaintiff's "blood pressure, pain, and anti-inflammatory medication/prescription history, and any and all records of broken bones in patient's hands." (*Id*. at 8) These altered medical authorizations are unacceptable to Maricopa County as it seeks "any and all medical/treating records" without limitation in time and scope. (docket # 95 at 2; Exh B at 4-7).

Plaintiff characterizes Maricopa County's broad discovery efforts as "vexatious conduct . . . because counsel for Maricopa County continues to believe she has the right to the Plaintiff's entire 35-year medical history." (docket # 100 at 2) Plaintiff contends he has gone "beyond what is necessary for this case, allowing five years of history"[3] because his "medical claims in this case involve the Plaintiff being denied a splint

---

[3] Plaintiff's signed medical authorizations limited disclosure of his medical records generated from March 20, 2005 to March 20, 2010

- 4 -

for his broken hand and being denied his doctor prescribed blood pressure medication, Benicar[.]" (*Id*.) Citing the Health Insurance Portability and Accountability Act of 1996[4] ("HIPAA")[5]; certain federal regulations; *United States v. Comprehensive Drug Testing, Inc.*, 513 F.3d 1085 (9th Cir. 2008); and *Doe v. Attorney General*, 941 F.2d 780, 795 (9th Cir. 1991), Plaintiff argues his constitutionally protected privacy interests preclude disclosure of all his personal medical information. Also see, *Norman-Bloodsaw v. Lawrence Berkeley Laboratory*, 135 F.3d 1260, 1269 (9th Cir. 1998) ("The constitutionally protected privacy interest in avoiding dis- closure of personal matters clearly encompasses medical information and its confidentiality."). (*Id*. at 3)

Maricopa County's Supplemental Memorandum relies upon *Bain v. Superior Court In and For Maricopa County*, 148 Ariz. 331, 334, 714 P.2d 824, 827 (Ariz. 1986); Arizona Revised Statute ("A.R.S.") § 12-2291 and related Arizona statutes; and federal regulation 45 C.F.R. § 164.512 as its authority for the disclosure of Plaintiff's medical and mental healthcare records. Maricopa County's reliance on Arizona law is misplaced as non-controlling in this federal case.

## DISCLOSURE OF MEDICAL RECORDS IN § 1983 ACTIONS

Assertions of privileges in federal-question cases are governed by the federal common law. Rule 501,[6] Fed.R.Evid.; *Jaffee v. Redmond*, 518 U.S. 1, 8 (1996) ("Rule 501

---

[4] "[P]ub.L. 104-191, 110 Stat. 1936 (codified as amended in scattered sections of 42 U.S.C.) . . . ." *Webb v. Smart Document Solutions, LLC*, 499 F.3d 1078, 1080 (9th Cir. 2007).

[5] In light of the Court's finding that disclosure is required under Rule 26 of the Federal Rules of Civil Procedure, disclosure of Plaintiff's medical records does not violate HIPAA. Under HIPAA, "a covered entity may use or disclose protected health information to the extent that such use or disclosure is required by law and the use or disclosure complies with and is limited to the relevant requirements of such law." *Boyd v. City and County of San Francisco*, 2006 WL 1390423, * 5 n. 3 (N.D.Cal. 2006) (quoting 45 C.F.R. § 164.512(a)(1)).

[6] Rule 501 of the Federal Rules of Evidence provides as follows:

Except as otherwise required by the Constitution of the United States or

of the Federal Rules of Evidence authorizes federal courts to define new privileges by interpreting 'common law principles . . . in the light of reason and experience.'"). "The patient-physician privilege does not exist at federal common law and the Ninth Circuit has not recognized a physician-patient privilege . . . ." *Soto v. City of Concord*, 162 F.R.D. 603, 618 (N.D.Cal. 1995). Because Plaintiff Wilkins has not alleged a pendent state law claim, federal common law controls this discovery dispute. *See, Platypus Wear, Inc. v. K.D. Co., Inc.*, 905 F.Supp. 808, 811 (S.D.Cal. 1995) (holding that state privilege law applied to state law claim in federal question case where the evidence sought was directed only to state law theories of liability and plaintiff advanced no theory under which the evidence could be relevant to the federal claims in the case).

Generally, "[t]he privacy interest in one's confidential medical records is conditional and a limited impairment of the right may be allowed if properly justified." *Hutton v. City of Martinez*, 219 F.R.D. 164, 166 (N.D.Cal. 2003) (citing *Soto*, 162 F.R.D. at 618). Pursuant to Rule 26(b)(1) of the Federal Rules of Civil Procedure, "[p]arties may obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party." Rule 26(b)(1) further provides that "[r]elevant information need not be admissible at trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." Rule 26(b)(1)*, Fed.R.Civ.P. "It is Rule 26(b) that supplies the directives that federal courts must follow when trying to determine how far beyond clearly admissible evidence parties may cast their discovery nets." *Bernstein v. Travelers Ins. Co.*,

---

provided by Act of Congress or in rules prescribed by the Supreme Court pursuant to statutory authority, the privilege of a witness, person, government, State, or political subdivision thereof shall be governed by the principles of the common law as they may be interpreted by the Courts of the United States in the light of reason and experience. However, in civil actions and proceedings, with respect to an element of a claim or defense as to which State law supplies the rule of decision, the privilege of a witness, person, government, State, or political subdivision thereof shall be determined in accordance with State law.

Rule 501, Fed.R.Evid.

447 F.Supp.2d 1100, 1102 (N.D.Cal. 2006). "It is to that Rule's guidance that federal courts are to turn when trying to decide how long and how indirect the inferential or sleuthing paths may be between the targets of discovery requests, on the one hand, and, on the other, matters obviously central to the parties' claims and defenses." *Id*.

"Broad discretion is vested in the trial court to permit or deny discovery, and its decision to deny discovery will not be disturbed except upon the clearest showing that denial of discovery results in actual and substantial prejudice to the complaining litigant." *Hallett v. Morgan*, 296 F.3d 732, 751 (9th Cir. 2002) (citing *Goehring v. Brophy*, 94 F.3d 1294, 1305 (9th Cir. 1996) (quoting *Sablan v. Dep't of Fin.*, 856 F.2d 1317, 1321 (9th Cir. 1988)). Nevertheless, a litigant's waiver of privacy rights by putting private matters at issue in a lawsuit is limited to the private information that is relevant to the lawsuit. See, *e.g.*, *Doe v. City of Chula Vista*, 196 F.R.D. 562, 569-70 (S.D.Cal.1999) (a plaintiff's claim for emotional distress damages "does not entitle defendants to invade the whole of [the plaintiff's] medical history").

## **DISCUSSION**

Maricopa County does not fully why it seeks all of Plaintiff's medical and mental healthcare records. It appears Maricopa County requests this discovery on two theories of relevance: 1) Plaintiff's "allegation of not being provided the proper blood pressure medication or not being provided a splint for his broken hand[]" while in custody, docket # 119 at 2, has directly placed these medical issues in dispute; and 2) Maricopa County is entitled to test and verify Plaintiff's credibility. The Court concludes that these reasons justify limited disclosure of Plaintiff's healthcare records because such records directly relate to Plaintiff's claims voluntarily raised in this litigation and a party's credibility is always relevant. Such records may indicate what Plaintiff's blood pressure readings were upon each professional visit, regardless of the reason for the visit; whether he was following his doctor's advice; how often he was taking his blood pressure medicine and wearing his splint; how often he was instructed to take his blood pressure medicine and wear his splint by his physicians; the frequency of his visits with physicians for these medical issues; and

whether Plaintiff expressed any complaints of hand pain with or without the use of his splint.

Maricopa County also requests copies of Plaintiff's "Behavioral Health Care/Psychiatric Care/Mental Health Information" without limitation of any kind with Banner Desert Medical Center, A.S.U.'s Health Center, and Walgreens Pharmacy. (docket # 95, Exhs B at 4-6) Presumably, Maricopa County requests copies of Plaintiff's mental healthcare records because Plaintiff seeks compensatory damages for his injuries to "his mental . . . health" and for his "trauma, emotional distress, and sheer embarrassment[.]" (*Id*. at 7, 9, 11) By claiming mental health and emotional distress damages, Plaintiff's prior mental healthcare records are relevant and discoverable under Rule 26(b)(1)*, Fed.R.Civ.P.* Under the federal rules' broad approach to discovery, district courts have held that "a simple allegation of emotional distress in a complaint constitutes waiver" of a plaintiff's privacy rights including the psychotherapist-patient privilege recognized in *Jaffee*.[7] *Fitzgerald v. Cassil*, 216 F.R.D. 632, (N.D.Cal. 2003) (citing, among others, *Doe v. City of Chula Vista*, 196 F.R.D. 562 (S.D.Cal. 1999)). Because Plaintiff seeks damages for emotional distress in this § 1983 action, and absent a formal withdrawal of Plaintiff's claims for mental and emotional damages, fundamental fairness mandates that Maricopa County be permitted to challenge that claim thoroughly. Plaintiff's mental health and psychological records may, for example, show whether there are sources of Plaintiff's emotional distress other than Maricopa County's actions or omissions during the 58 days Plaintiff was incarcerated in the Lower Buckeye Jail.

In conjunction with subpoenas prepared by Maricopa County and a certified copy of this Order, the Court will order the production of any or all Plaintiff's healthcare records, including his mental healthcare records, with Banner Desert Medical Center, Dr.

---

[7] While the existence of a psychotherapist-patient privilege under the federal common law was first recognized by the Supreme Court in *Jaffee*, "that privilege protects only communications between the therapist and patient." *Merrill v. Waffle House, Inc*., 227 F.R.D. 467, 471 (N.D.Tex. 2005) (citing *Jaffee*, 518 U.S. at 9). "The names of mental health care providers, including psychiatrists, psychologists, counselors, and therapists, and dates of treatment are not subject to the privilege." *Id*.

Alan Walsh; Dr. Gregory Patchen; Walgreens Pharmacy; Medco Health; and A.S.U.'s Health Center for Maricopa County to search the records for Plaintiff's care and treatment for his high blood pressure, fractured hand, and mental health. The records disclosed shall be limited to the five years prior to the filing of this lawsuit, i.e., from June 29, 2004 to June 1, 2010. Medical records unrelated to Plaintiff's care and treatment for his high blood pressure, fractured hand and mental health shall be turned over to Plaintiff on a date certain for destruction or his own personal use unrelated to this litigation.

## SANCTIONS

Each side requests that monetary sanctions be imposed on the other side for either Plaintiff's refusal to voluntarily sign the medical authorizations presented to him or for Maricopa County's alleged "vexatious crusade in trying to (again) force the Plaintiff to sign over his entire 35-year medical history." (docket ## 95 at 3, 101 at 3)

Rule 37, FED.R.CIV.P., authorizes a district court, in its discretion, to impose a wide range of sanctions when a party fails to comply with the rules of discovery or with court orders enforcing those rules. *U.S. Equal Employment Opportunity Com'n v. ABM Industries Inc.*, 2009 WL 1287757, * 2 (E.D.Cal. 2009) (citations omitted). Rule 37(a)(5)(A) and (B), Fed.R.Civ.P., is clear, however, that regardless whether the discovery motion is granted, the district court may not order payment of either side's reasonable expenses incurred in bringing the discovery motion or defending against it if the opposing party's non-disclosure or objection was "substantially justified." Rule 37(a)(5)(A),(B), Fed.R.Civ.P. The Court finds that sanctions are not appropriate against either side because Maricopa County is authorized to seek the relevant healthcare records it requested and Plaintiff was substantially justified in refusing to voluntarily comply with Maricopa County's overly broad requests.

Accordingly,

**IT IS ORDERED** that Defendant Maricopa County's Motion to Compel, docket # 95, is **GRANTED** in part and **DENIED** in part.

**IT IS FURTHER ORDERED** that Banner Desert Medical Center, Dr. Alan

Walsh; Dr. Gregory Patchen; Walgreens Pharmacy; Medco Health; and A.S.U.'s Health Center shall provide complete copies of Plaintiff's healthcare records, including his mental healthcare records, from **June 29, 2004 to June 1, 2010** to counsel for Maricopa County upon service of a subpoena duces tecum and a certified copy of this Order. Upon receipt, Maricopa County shall promptly review the records for those specifically related to Plaintiff's care and treatment for his high blood pressure, fractured hand, and mental health. All medical records unrelated to Plaintiff's care and treatment for his high blood pressure, fractured hand, and mental health shall be given to Plaintiff within **thirty (30 days)** of their physical receipt by Maricopa County without duplication for Plaintiff's destruction or his own personal use unrelated to this litigation. Maricopa County shall be responsible for payment of all costs incurred in obtaining Plaintiff's medical and mental healthcare records subject to reimbursement at the conclusion of this litigation as authorized by law.

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Sanctions against Maricopa County, docket # 101, is **DENIED**.

On the Court's own motion and pursuant to 26(c), Fed.R.Civ.P,

**IT IS FURTHER ORDERED** that counsel for Maricopa County shall treat all of Plaintiff's medical and mental health records as private and confidential; shall not copy or disclose them - or the information contained therein - to anyone other than Plaintiff, counsel for the other Defendants herein and the Court; and shall not use the records or information for any purpose unrelated to this lawsuit. If shared with counsel for the other Defendants herein, such counsel must to comply with this confidentiality order.

Dated this 1st day of June, 2010.

Lawrence O. Anderson
United States Magistrate Judge